# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____

Prakash Mangra a/k/a Parkash Mangra,

                                Plaintiff(s)

                        -against-

Equifax Information Services LLC; Trans Union LLC a/k/a TransUnion; Experian Information Solutions, Inc.; JPMorgan Chase Bank, N.A.,

                         Defendants.
_____

Index No.: 700719/2025

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

       **PLEASE TAKE NOTICE THAT** the enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

       **PLEASE TAKE FURTHER NOTICE** that to avoid being charged with the expense of service upon you, you must sign, date, and complete the acknowledgement part of this form and mail back in the enclosed self addressed prepaid envelope provided, or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it.

       You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire. If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the within documents in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you. If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint, petition, or subpoena. The time to answer a summons and complaint expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

       If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are

1

served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority. It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Please Check One Of The Following; If #2 Is Checked, Complete As Indicated:

1. [X] I am not in military service.

2. [ ] I am in military service, and my rank and branch of service are as follows:

Rank: _____

Branch of Service: _____

**TO BE COMPLETED REGARDLESS OF MILITARY STATUS:**

I affirm the above as true under penalty of perjury that I received a summons and complaint/ or summons and notice/ or notice of petition and petition/ or subpoena duces tecum/ ad testificandum (strike out inapplicable terms) in the above-captioned matter at (insert address).

Dated: _____

_____
Signature

_____
Print Name

Equifax Information Services LLC
_____
Name of Defendant

_____
Position with Defendant

2

Case 1:25-cv-00703-ENV-MMH    Document 1-1    Filed 02/07/25    Page 4 of 27 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Prakash Mangra a/k/a Parkash Mangra,

Index No.: 700719/2025

                                    Plaintiff,

**SUMMONS**

                    -against-

Equifax Information Services LLC; Trans Union LLC
a/k/a TransUnion; Experian Information Solutions, Inc.;
JPMorgan Chase Bank, N.A.,

                                    Defendants.

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve
a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty
(20) days after the service of this Summons (exclusive of the day of service), or within thirty (30)
days after completion of service where service is made in any other manner than by personal
delivery within the State. The United States of America, if designated as a defendant in this action,
may appear within sixty (60) days of service hereof.

**YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, judgment will be
entered against you by default for the relief demanded in the complaint.

**VENUE:** Plaintiff designates Queens County as the place of trial. The basis of this
venue designation is the county in which Plaintiff resides.

Case 1:25-cv-00703-ENV-MMH    Document 1-1    Filed 02/07/25    Page 5 of 27 PageID #: 9

Dated: Brooklyn, New York
      January 9, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Prakash Mangra a/k/a Parkash Mangra,

/s/ Serge F. Petroff
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:

Equifax Information Services LLC
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Trans Union LLC a/k/a TransUnion
c/o The Prentice-Hall Corporation System, Inc.
80 State Street
Albany, New York 12207-2543

Experian Information Solutions, Inc.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

JPMorgan Chase Bank, N.A.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

Case 1:25-cv-00703-ENV-MMH    Document 1-1    Filed 02/07/25    Page 6 of 27 PageID #:
10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

Prakash Mangra a/k/a Parkash Mangra,

                                  Plaintiff,

                 -against-

Equifax Information Services LLC; Trans Union LLC
a/k/a TransUnion; Experian Information Solutions, Inc.,
JPMorgan Chase Bank, N.A.,

                               Defendants.

Index No.: 700719/2025

**COMPLAINT**

---

       Plaintiff Prakash Mangra a/k/a Parkash Mangra (the "Plaintiff"), by and through his attorneys, Petroff Amshen LLP, as and for his complaint against the defendants named herein (collectively, the "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

       1.     Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting duly disputed by Plaintiff.

       2.     Finding that "[t]he banking system is dependent upon fair and accurate credit reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system," Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

Case 1:25-cv-00703-ENV-MMH    Document 1-1    Filed 02/07/25    Page 7 of 27 PageID #: 11

utilization of such information." 15 U.S.C. § 1681.

3.      Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

4.      Relying on these protections, Plaintiff notified the Defendants of specific errors in his credit report that are negatively impacting his credit score.

5.      Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

## PARTIES AND VENUE

6.      Plaintiff is an individual and resident of the State of New York, County of Queens, residing at 122-18 Liberty Avenue, South Richmond Hill, New York 11419.

7.      Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a wholly owned subsidiary of Experian Holdings Inc. Experian is one of the three national credit reporting agencies ("CRA") recognized by the Federal Trade Commission ("FTC").

8.      Defendant Trans Union LLC a/k/a Transunion is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661, and registered agent of service in New York c/o The Prentice-Hall Corporation System, 80 State Street, Albany New York 12207-2543. The company

Case 1:25-cv-00703-ENV-MMH   Document 1-1   Filed 02/07/25   Page 8 of 27 PageID #:
12

is also known as "TransUnion" and shall be referred to as such herein. TransUnion is one of the three national CRAs recognized by the FTC.

9.        Defendant Equifax Information Services LLC ("Equifax") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and registered agent for service in New York c/o Corporation Service Company, 80 State Street, Albany, New York 12207-2543. Equifax is a wholly owned subsidiary of Equifax Inc. Equifax is one of the three national CRAs recognized by the FTC.[1]

10.       Defendant JPMorgan Chase Bank, N.A. is a national banking association organized under the laws of the United States, with its principal place of business at 270 Park Avenue, New York, New York 10017, and registered agent for service in New York c/o CT Corporation System, 28 Liberty Street, New York, New York 10005. The company is also known as "JPMorgan Chase" and shall be referred to as such herein. JPMorgan Chase is one of the largest financial institutions in the United States.

11.       Venue in this county is proper pursuant to CPLR § 503(a), as a substantial part of the events giving rise to Plaintiff's claims occurred in this county, and Plaintiff resides in this county.

## STATEMENT OF FACTS

12.       JPMorgan Chase is the issuer of Plaintiff's JPMCB credit card (the "JPMCB") account number: 414740042125****. Upon information and belief, in credit reports supplied to Plaintiff by the Defendant CRAs, the JPMorgan Chase credit card is referred to as "JPMCB".

13.       Upon information and belief, JPMorgan Chase records and maintains information

---

[1] TransUnion, Experian, and Equifax shall be referred to collectively herein as the "Defendant CRAs."

regarding Plaintiff and his JPMCB account and furnishes this information to the Defendant CRAs.

14.     Plaintiff discovered inaccuracies related to one of his accounts associated with JPMorgan Chase.

    a)     Compromised Account:

        (i)  JPMCB CARD

        (ii) Account Number: 414740042125****

        (iii) Payment History: Plaintiff disputes the accuracy of the payment history, specifically the reported August 2024 60-days late payment remarks.

        (iv) Date of Payment in Full: August 7th, 2024

15.     Plaintiff discovered inaccurate late payment remarks for the JPMCB account. He does not recall being late for the reported date and disputes the accuracy of this late payment remark. Plaintiff requested validation documents from the Defendant CRAs to verify the dates of this reported late payment. If verification is not possible, Plaintiff requested that this remark be immediately removed from his credit report.

16.     Additionally, Plaintiff found that the credit report showed a 60-days late payment remark for August 2024 on the JPMCB account, despite the fact that the account was paid off and closed on August 7th, 2024. It is unreasonable for a 60-days late payment to be reported for August when the debt was settled and closed prior to the end of the month.

17.     In September 2024, Plaintiff sent a Notice of Dispute to the Defendant CRAs disputing the JPMCB account. A true copy of Plaintiff's Notice of Dispute is annexed as **Exhibit A**. Despite the disputes, the Defendant CRAs did not resolve the discrepancies or removed the incorrect entries, leaving Plaintiff's credit report inaccurate.

18.     Plaintiff, worried about the situation, contacted JPMorgan Chase regarding the

Case 1:25-cv-00703-ENV-MMH    Document 1-1    Filed 02/07/25    Page 10 of 27 PageID #: 14

JPMCB account and was informed that the account was paid off and closed in August 7th, 2024.

19.    Due to inaccurate reporting, Plaintiff's credit score has been adversely affected. This has prevented Plaintiff from securing favorable financial products, including loans and credit, and has resulted in higher interest rates on credit applications.

20.    Plaintiff is perplexed as to how he could have been marked as late for August. This error caused him considerable personal and professional distress, as it led to anxiety regarding his financial reputation.

21.    Plaintiff does not want an inaccurate late payment remark on his credit report. The incorrect reporting was frustrating, especially given the potential long-term impact on his creditworthiness. A late remark for August 2024 would remain on his credit report for seven years, until August 2031, leading others to mistakenly believe he was recently late on a payment. Plaintiff believes his credit report should accurately reflect his payment history, and the late payment remark should be corrected to reflect July instead of August.

## VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

22.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

23.    Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

24.    JPMorgan Chase is a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

25.    JPMorgan Chase is also a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

26.    Subpart of E of Regulation V, the FCRA's implementing regulation, applies to

furnishers of information including Furnisher Defendant. *See* 12 C.F.R. §§ 1022.1, 1022.40.

27.     The Defendant CRAs are each a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

28.     The Defendant CRAs each qualify as a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C §1681a(p).

## COUNT I
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681n)
### *AS TO JPMORGAN CHASE*

29.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

30.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors" *See* 15 U.S.C. § 1681s-2(a)(1).

31.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

32.     Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

33.     Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

34.     Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

35.     Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

36.     JPMorgan Chase reported inaccurate account information regarding Plaintiff's JPMCB account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs.

37.     The inaccurate information included: (i) contradictory account data; (ii) inaccurate and conflicting payment histories; (iii) missing data including positive/timely payment remarks; and despite the account being closed, it still reflects outstanding debt or balances.

38.     Upon information and belief, JPMorgan Chase received notice of Plaintiff's Notice of Dispute regarding the accuracy of his account information as reported to the Defendant CRAs.

39.     JPMorgan Chase failed to review the information provided by Plaintiff for any

Case 1:25-cv-00703-ENV-MMH          Document 1-1          Filed 02/07/25          Page 13 of 27 PageID
#: 17

additional information.

40.     JPMorgan Chase's deliberate and ongoing furnishing of incomplete, inaccurate, and contradictory information regarding Plaintiff's JPMCB account has caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

41.     As a result of JPMorgan Chase's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C. § 1681n.

<u>COUNT II</u>
**Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681o)**
*AS TO JPMORGAN CHASE*

42.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

43.     After receiving notice of Plaintiff's dispute regarding the accuracy of his account information as reported by the Defendant CRAs, JPMorgan Chase thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to the Defendant CRAs regarding Plaintiff's JPMCB account, in violation of 15 U.S.C. § 1681s-2.

44.     JPMorgan Chase "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

45.     JPMorgan Chase furnished inaccurate information regarding Plaintiff's JPMCB account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit

Case 1:25-cv-00703-ENV-MMH    Document 1-1    Filed 02/07/25    Page 14 of 27 PageID #: 18

reports. JPMorgan Chase knows, or should have known, had they conducted the required investigation, that the information they furnished to the Defendant CRAs was inaccurate.

46.    As a compiler and furnisher of consumer information concerning Plaintiff's JPMCB account, JPMorgan Chase had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs, and prevent the furnishing of inaccurate information, knowing that it had purchased the debt from another creditor. *See* 15 U.S.C. § 1681s-2(a)(6).

47.    Upon information and belief, JPMorgan Chase has further negligently persisted in reporting inaccurate information to the Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

48.    Accordingly, the Defendant CRAs have continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

49.    JPMorgan Chase's negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's JPMCB account has caused Plaintiff to suffer damage including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

50.    As a result of JPMorgan Chase's negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred.

<u>**COUNT III**</u>
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
*As To The Defendant CRAs*

51.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

52.     "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" 15 U.S.C. § 1681e(b).

53.     The Defendant CRAs received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

54.     Despite receipt of the foregoing, the Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's JPMCB account.

55.     Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff or JPMorgan Chase for any additional information that would assist in a reasonable investigation.

56.     Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

57.     The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and

Case 1:25-cv-00703-ENV-MMH    Document 1-1    Filed 02/07/25    Page 16 of 27 PageID #: 20

willful.

58.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C § 1681n.

### COUNT V
### Willful Failure to Assure Accuracy of Consumer Information in Credit File
### (15 U.S.C. §§ 1681i, 1681n)
### *As To The Defendant CRAs*

59.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

60.     "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency [...] of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A).

61.     This investigation must be completed within thirty (30) days of the Defendant CRAs' receipt of the Notice of Dispute. *See id.*

62.     The Defendant CRAs must also provide notice of dispute to any furnisher of the disputed information, within five (5) business days of receipt.

63.     "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

64.     Within five (5) business days of completing a reinvestigation, the Defendant CRAs must provide the consumer with written notice of the results and additional statutory notices.

Case 1:25-cv-00703-ENV-MMH Document 1-1 Filed 02/07/25 Page 17 of 27 PageID #: 21

65.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's JPMCB account.

66.     Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

67.     Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

68.     The Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

69.     The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

70.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C § 1681n.

### COUNT VI
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*As To The Defendant CRAs*

71.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully

set forth herein.

72.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's JPMCB account.

73.     The Defendant CRAs failed to provide notice of Plaintiff's disputes to the furnisher of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

74.     The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or the furnisher of the disputed information, for any additional information that would assist in a reasonable investigation.

75.     The Defendant CRAs failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

76.     This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

77.     As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## **VIOLATIONS OF N.Y. GENERAL BUSINESS LAW**

78.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

Case 1:25-cv-00703-ENV-MMH    Document 1-1    Filed 02/07/25    Page 19 of 27 PageID #: 23

79.     Section 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

80.     Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

81.     JPMorgan Chase is a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

82.     The Defendant CRAs are each a "consumer reporting agency" within the meaning of the NYFCRA. *See* GBL § 380-a(e).

## COUNT VII
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (N.Y. Gen. Bus. Law § 380-o)
### AS TO JPMORGAN CHASE

83.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

84.     The NYFCRA prohibits the knowing and willful introduction or attempt to introduce false information into a consumer reporting agency's file. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

85.     As a result of JPMorgan Chase's knowing and willful introduction of false information regarding Plaintiff's JPMCB account into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

86.     As a result of JPMorgan Chase's foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual

damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

### COUNT VIII
**Failure to Investigate and Resolve Consumer Dispute**
**(N.Y. Gen. Bus. Law §§ 380-f, 380-m)**
*As To The Defendant CRAS*

87. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

88. Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

89. If, after conducting the re-investigation, the Defendant CRAs can no longer verify an item, or confirms an error, the Defendant CRAs must, among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports"; and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

90. Further, "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, the Defendant CRAs shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

91. Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated

FILED: QUEENS COUNTY CLERK 01/09/2025 04:17 PM          INDEX NO. 700719/2025

NYSCEF DOC. NO. 1          Case 1:25-cv-00703-ENV-MMH          Document 1-1          Filed 02/07/25          Page 21 of 27 PageID          RECEIVED NYSCEF: 01/09/2025
                                                                                    #: 25

to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of GBL § 380-f.

92.     The Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

93.     Upon information and belief, the Defendant CRAs further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

94.     As a result, Plaintiff has suffered damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

95.     Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

96.     The Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

Case 1:25-cv-00703-ENV-MMH    Document 1-1    Filed 02/07/25    Page 22 of 27 PageID #: 26

**WHEREFORE**, Plaintiff respectfully demands judgement awarding all actual, statutory,

and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
       January 9, 2025

                        **PETROFF AMSHEN LLP**
                        *Attorneys for Plaintiff,*
                        Prakash Mangra a/k/a Parkash Mangra,

                        */s/ Serge F. Petroff*
                        Serge F. Petroff, Esq.
                        1795 Coney Island Avenue, Third Floor
                        Brooklyn, New York 11230
                        Telephone: (718) 336-4200
                        Email: spetroff@petroffamshen.com

# EXHIBIT A

**Certified Mail Tracking Information**

**Name: Prakash Mangra**
**Date sent: 09/12/24**

**EQ:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765484781464

**EX:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765484781440

**TU:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765484781518

**DISPUTE LETTER**

**Prakash Mangra**
122-18 Liberty Ave
South Richmond Hill, New York 11419
Date of Birth: 12/08/████
SS#: 9958

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374 - 0256

09/12/2024

Letter to Dispute inaccurate Items on my credit Report

The following accounts are presenting inaccurate information on my credit report and I would like to place them in dispute for the following reasons:

1. Payment history is inaccurate
   JPMCB CARD
   Account Number: 414740042125****
   I believe the payment history is reporting inaccurately because there is an extra 60-day late remark for August 2024, even though I paid and satisfied this debt in August 2024. How can I be 60 days late when I paid off this debt in August 2024? This inaccurate reporting has negatively impacted my credit. I request that you provide validation documents showing the date of the last payment. If validation is not possible, please remove the extra 60-day late remark from my credit report immediately.

Please investigate the presented issues and make the necessary changes to my credit report, to reflect each account accurately. Enclosed are my identification documents, including my driver's license, SSN card, and a bill showing my address.

Thank you for your time and help in this matter.

Sincerely,

Prakash Mangra

**DISPUTE LETTER**

**Prakash Mangra**
122-18 Liberty Ave
South Richmond Hill, New York 11419
Date of Birth: 12/08/█████
SS#: 9958

Experian
P.O. Box 4500
Allen, TX 75013

09/12/2024

Letter to Dispute inaccurate Items on my credit Report

The following accounts are presenting inaccurate information on my credit report and I would like to place them in dispute for the following reasons:

1. Payment history is inaccurate
   JPMCB CARD
   Account Number: 41474004****
   I believe the payment history is reporting inaccurately because there is an extra 60-day late remark for August 2024, even though I paid and satisfied this debt in August 2024. How can I be 60 days late when I paid off this debt in August 2024? This inaccurate reporting has negatively impacted my credit. I request that you provide validation documents showing the date of the last payment. If validation is not possible, please remove the extra 60-day late remark from my credit report immediately.

Please investigate the presented issues and make the necessary changes to my credit report, to reflect each account accurately. Enclosed are my identification documents, including my driver's license, SSN card, and a bill showing my address.

Thank you for your time and help in this matter.

Sincerely,

Prakash Mangra

**DISPUTE LETTER**

**Prakash Mangra**
122-18 Liberty Ave
South Richmond Hill, New York 11419
Date of Birth: 12/08/▮▮▮▮
SS#: 9958

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

09/12/2024

Letter to Dispute inaccurate Items on my credit Report

The following accounts are presenting inaccurate information on my credit report and I
would like to place them in dispute for the following reasons:

1. Payment history is inaccurate
   JPMCB CARD
   Account Number: 414740042125****
   I believe the payment history is reporting inaccurately because there is an extra 60-
   day late remark for August 2024, even though I paid and satisfied this debt in August
   2024. How can I be 60 days late when I paid off this debt in August 2024? This
   inaccurate reporting has negatively impacted my credit. I request that you provide
   validation documents showing the date of the last payment. If validation is not possible,
   please remove the extra 60-day late remark from my credit report immediately.

Please investigate the presented issues and make the necessary changes to my credit
report, to reflect each account accurately. Enclosed are my identification documents,
including my driver's license, SSN card, and a bill showing my address.

Thank you for your time and help in this matter.

Sincerely,

Prakash Mangra